# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HOWARD R. SHOEMAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: 19-cv-2048-HLT-TJJ |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff, proceeding *pro se,* filed this action appealing the denial of his claim for Social Security disability benefits. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Plaintiff requests that the Court appoint counsel to represent him in this case. For the reasons set forth below, Plaintiff's motion is denied.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[1] Instead, courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of

---

[1] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[2] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

1

counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[3] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the litigant's ability to retain counsel, (2) the merits of the litigant's claims, (3) the nature of the factual issues raised in the claims, (4) the litigant's ability to present his/her claims, and (5) the complexity of the legal issues raised by the claims.[4]

After reviewing the Complaint, Motion for Appointment of Counsel, and the above factors, the Court finds that Plaintiff's request to appoint counsel should be denied. Based on the information contained in Plaintiff's Motion for Appointment of Counsel, Plaintiff has not made a good faith effort to hire an attorney. This Court requires a plaintiff to make a reasonably diligent effort under the circumstances to obtain an attorney. Specifically, the Court typically requires that before seeking an appointed attorney, a plaintiff confer with (not merely contact) at least five attorneys regarding legal representation. It appears that Plaintiff has contacted only one attorney regarding his case, but he does not indicate when he made the contact or what response he received. Absent a good-faith effort to secure counsel, the Court cannot find that Plaintiff is entitled to appointed counsel based on inability to retain counsel on his own.

With regard to the second factor, the Court finds that although it lacks sufficient information to fully assess the merits of Plaintiff's claims, it is not clear that this Court has subject matter jurisdiction over his claims. A review of the pleading and motion filed to date by Plaintiff show that he has the ability to present his claims and adequately communicate the facts

---

[3]*Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[4]*Brewer*, 2008 WL at *5–6.

upon which his claims are based. If this Court does have subject matter jurisdiction to hear Plaintiff's claims, the legal issues may be relatively straightforward.

The Court has reviewed Plaintiff's Motion for Appointment of Counsel under these standards. Where the complaint provides the only basis upon which the Court can assess the merits of Plaintiff's claim, insufficient information exists to warrant the appointment of counsel at this time. In addition, the Court notes that it has a very limited pool of volunteer attorneys from whom it may appoint counsel. The Court therefore declines to appoint counsel for Plaintiff under 28 U.S.C. § 1915(e)(1) at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied without prejudice to Plaintiff filing a similar motion, if he survives summary dismissal. If the case proceeds to trial, furthermore, the Court may on its own motion reconsider whether the circumstances warrant a request for counsel to represent Plaintiff at that time.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, on this 7th day of March, 2019.

Teresa J. James
U. S. Magistrate Judge